**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOSE RUBEN PENA,** | § | |
| | § | |
| **v.** | § | **A-06-CA–794 LY** |
| | § | **(A-04-CR-133 LY)** |
| **UNITED STATES OF AMERICA,** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
        SENIOR UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Movant Jose Ruben Pena's ("Movant") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Clerk's Doc. No. 141) and Memorandum in Support filed October 2, 2006 (Clerk's Doc. No. 142); and the Government's Response, filed November 30, 2006 (Clerk's Doc. No. 146).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 29, 2004, Movant pled guilty to the first count of an indictment charging him with conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 21 U.S.C. § 846. On June 30, 2005, the District Court entered judgment on a sentence of 188-months of imprisonment. Movant did not appeal his conviction. On October 2, 2006, Movant filed his Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 and Memorandum in Support. Movant alleges that (1) his sentence violates the

constitutional principles laid down *United States v. Booker*, 543 U.S. 220 (2005); and (2) he received ineffective assistance of counsel.

## II. DISCUSSION

Under Section 2255, there are generally four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under Section 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

As a preliminary matter, the Court must resolve the Government's argument that the motion is untimely under the AEDPA's one year limitations period for § 2255 motions. The relevant portion of the statute states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Movant makes two arguments as to why his motion is timely.  First, he contends that his conviction did not become final until less than a year from the date on which he filed the Motion, because the time to seek certiorari must be included in the calculation.  Alternatively, he contends that he did not learn of the facts supporting his claim until less than a year before filing his Motion.

With regard to the first argument, as noted earlier, the judgment was entered in Movant's case on June 30, 2005.  No direct appeal was filed.  The conviction, therefore, became final ten days after entry of the judgment, or July 10, 2005.  FED. R. APP. P. 4(b)(1)(A)(i).  Thus, under 28 U.S.C. § 2255(1), Movant had one year after this date, or until July 10, 2006, to timely file his § 2255 motion.  Movant did not sign his motion until September 27, 2006, and it was not filed in the Clerk's office until October 2, 2006.[1]  Movant argues that his § 2255 motion is nevertheless timely, relying on *United States v. Gamble,* 208 F.3d 536 (5th Cir. 2000).  This reliance on *Gamble* is misplaced.  The court's holding in *Gamble* was that after a conviction is affirmed on direct appeal, it becomes final for limitations purposes upon the expiration of the time for seeking certiorari in the Supreme

---

[1]For purposes of this Report and Recommendation, the Court will use September 27, 2006, as the filing date of the § 2255 motion, as the Movant states that is the date he signed his motion (and presumably put it into the prison mail system).

Court (even if the defendant did not file a petition for certiorari).  That holding is not applicable to a case like that before the Court, where no notice of appeal was ever filed.  Movant's situation is qualitatively different from that found in *Gamble*: Movant did not file a direct appeal, therefore there is no 90-day time period (nor could there ever have been one) for filing a petition for certiorari to be calculated in Movant's case.  In a case such as this, the conviction becomes final when the time for filing an appeal expired, which was July 10, 2005.  FED. R. APP. P. 4(b)(1)(A)(i).  Because the § 2255 motion was not filed until more than a year after that date, it is untimely under § 2255(1).

Movant argues alternatively that motion is timely under § 2255(4), because he did not become aware of at least one of the bases for his motion until less than a year before he filed the motion.  Specifically, he claims that his attorney was ineffective in assisting him because the attorney failed to file a notice of appeal as directed.  He (implicitly) contends that he did not become aware of the lack of an appeal until March 2006, when he received a response to an inquiry from the Fifth Circuit clerk indicating that no appeal had been filed in his case.

As noted earlier, under § 2255(4) the date the statute begins to run is "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(4).  *See also Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000).[2]  The statute, then, explicitly requires the existence of due diligence.  "Due diligence does not require the maximum feasible diligence, but it does require reasonable diligence in the circumstances."  *Schlueter v. Varner*, 384 F.3d 69, 74 (3rd Cir. 2004) (§ 2244 case).  The relevant inquiry in determining whether a prisoner is entitled to a

_____

[2]*Owens* and *Schlueter* dealt with § 2244(d)(1)(D), which contains identical language to § 2255(4).  In *Owens*, Judge Easterbrook further pointed out that the statute begins to run when the *facts* could have been discovered not when the facts' legal significance was discovered by prisoner.

tolling of his one-year limitations period is whether the "vital facts could not have been known even if the petitioner exercised diligence." *Id*.

In this case, Movant contends that his attorney failed to follow his instructions to file a notice of appeal. He claims that it was not until March 20, 2006, when he received a letter from the Fifth Circuit, that he became aware that no such appeal had been filed. The Fifth Circuit's letter was in response to a February 6, 2006 letter from Movant to the Circuit, inquiring into whether a notice of appeal had ever been filed.[3]  Importantly, Movant's February letter was sent nearly nine months after his sentencing. The record shows that Movant was given a letter at his sentencing, on June 17, 2005, specifically notifying him that he had 10 days to file an appeal. *See* Government's Response, Attached Letter from Judge Yeakel (Clerk's Doc. No. 146). Therefore, Movant was aware as early as June 17, 2005, that a timely notice of appeal was due within 10 days of the date his judgment was entered. Movant offers no explanation as to why, possessing this knowledge, he waited so long to inquire into the filing of an appeal. Indeed, his motion suggests that he did not communicate with his attorney about this issue until August 2006, after the one year limitations period had expired. Moreover, even after learning of the lack of a direct appeal in March 2006, Movant waited six more months to file his § 2255 motion.

In short, there is no evidence that Movant diligently inquired into the status of his appeal with his attorney, the district court, or the appellate court. Knowing that there was a 10-day deadline for that filing, a prisoner exercising reasonable diligence would have inquired into its status more than a year before September 27, 2006. Importantly, Movant does not allege that he was misled by his

---

[3]The letter states that this was the second time he had contacted the clerk, but Movant does not state when his first attempt was made.

attorney into thinking that an appeal had been timely filed.  Indeed, despite the fact that there were a number of letters back and forth between Movant and his attorney – for example, in December 2005 there was correspondence regarding the disposition of Movant's house – there was no mention by Movant in this correspondence of an appeal until August 3, 2006. Nor does Movant contend that the courts led him to believe that he had an appeal pending.  To the contrary, in March 2006, the Fifth Circuit correctly informed Movant that he had no appeal on file.[4]  Further undercutting the claim the he was acting with diligence, Movant waited six months after receiving confirmation that no appeal was on file to bring the instant action.  Taking all of Movant's allegations as true, under these circumstances the Court finds that  a reasonably diligent person in Movant's situation could have learned of the facts supporting his claim (*i.e.* the lack of a notice of appeal) earlier than September 27, 2005, more than a year before the instant action was filed.  Accordingly, the Movant's § 2255 motion is time-barred and should be denied.

## IV. RECOMMENDATION

The Magistrate Court **RECOMMENDS** that the District Court **DENY** Movant Jose Ruben Pena's Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255 (Clerk's Doc. No. 141).

## X. WARNING

The parties may file objections to this Report and Recommendation.   A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

---

[4]While his February 2006 letter to the Circuit refers to an earlier letter, Movant has not attached that letter, nor does he inform the Court when he sent any such letter.

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 19th day of December, 2006.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE